UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIT VANDEN HEUVEL,

        Plaintiff,

v.                                          Case No. 07-C-992

JAMES ZWICKY, MICHAEL MURPHY,
SHERI GRAEBER, MICHELE CRAWFORD,
MARY JO PLEUSS, and MRS. ZWICKY,

        Defendants.

## ORDER

The plaintiff, Kit Vanden Heuvel, is proceeding *in forma pauperis* on claims under 42 U.S.C. § 1983. Now before the court is the defendants' motion for summary judgment. The defendants submit that they are entitled to summary judgment because: (1) defendant Sgt. James Zwicky did not violate the plaintiff's Eighth amendment rights when he searched the plaintiff on November 22, 2005; (2) defendant Crawford did not violate the plaintiff's Fourteenth Amendment rights because she did not terminate him from his employment or the Earned Release Program and, in any event, he had no due process rights with respect to either; and (3) there is no evidence that these defendants conspired and retaliated against the plaintiff due to his allegations regarding Sgt. Zwicky. In support of their motion, the defendants rely solely on the affidavits of defendants Sheri Graeber, Mary Jo Pleuss, James Zwicky, and Michele Crawford.

In considering a motion for summary judgment, a court may consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Federal Rule 56(e) provides, in part: "If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." *See also Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003).

In each of the defendants' affidavits, the affiant states that it is based not only on his or her personal knowledge, but also on a "review of institutional records." The affiants go on to detail information presumably from such institutional records, including specific conduct report, inmate complaint, report numbers, and quotations. Yet Crawford's affidavit is the only one with any exhibits, though they are not dispositive.[1] Thus, the defendants' affidavits are deficient and inadmissible on summary judgment. It is unclear to the court whether the defendants' failure to comply with Rule 56(e) was inadvertent or otherwise. In any event, the court is obliged to deny their motion for summary judgment.

The court will provide the defendants with another opportunity to file a properly noticed and supported motion for summary judgment. Such motion must be filed on or before **Monday, April 5, 2010**. The plaintiff must respond to any motion filed on

---

[1] Attached to Crawford's affidavit are the "Earned Release Program Memo of Agreement" and the "Drug Abuse Correctional Center Earned Release Program Contract," both signed by Crawford and the plaintiff.

or before **Wednesday, May 5, 2010**. Any reply must be filed on or before **Wednesday, May 19, 2010**.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #67) be and the same is hereby **DENIED** without prejudice; and.

**IT IS FURTHER ORDERED** that, if the defendants wish to file a properly supported motion for summary judgment, they shall do so on or before **Monday, April 5, 2010**. The plaintiff must respond to any motion filed on or before **Wednesday, May 5, 2010**. Any reply must be filed on or before **Wednesday, May 19, 2010**.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge